Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM, PLLC**
165 Broadway, 23rd Floor
New York, New York 10006
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel for Plaintiff and Putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Steven Beltran**,** individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| Ryze, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Steven Beltran brings this action on behalf of himself and all others similarly situated against Defendant Ryze, Inc. Plaintiff makes the following allegations pursuant to the investigation of his counsel and upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**INTRODUCTION**

1. This is a putative class action lawsuit against Defendant for: (i) engaging in an illegal false discount scheme; and (ii) violating California's Automatic Renewal Law ("ARL"), Cal. Bus. Prof. Code §§ 17600, *et seq.*

2. Defendant sells a wide range of health and wellness products through its website, www.ryzesuperfoods.com (the "Website"). Whenever a consumer purchases Defendant's products – whether it be on the Website or through a social-media advertisement – Defendant surreptitiously enrolls the consumer in an automatically renewing "subscription" that, unbeknownst to the consumer at the time, results in recurring charges to the consumer's credit card, debit card, or third-party payment account ("Payment Method") every month, in perpetuity until canceled (the "RYZE Subscriptions").

3. Defendant has also engaged in a widespread deceptive pricing scheme to induce consumers to purchase its "promotional" RYZE Subscriptions by falsely advertising a massive discount from a purported regular price that Defendant never charges. Defendant represents that these offers are limited-time sales and uses countdown timers, even though the same sale is always available. This deceptive discount pricing scheme misleads reasonable consumers into believing they are receiving an extraordinary limited-time deal, and it violates California's prohibitions on false advertising and misleading pricing.

4. Prior to enrolling Plaintiff and the Class members into RYZE Subscriptions – and thereafter assessing each of their Payment Methods a recurring charge on a monthly basis – Defendant failed to provide the disclosures and authorizations required by California's Automatic Renewal Law ("ARL"), Cal. Bus. Prof. Code §§ 17600, *et seq.*, to any of these consumers.

5. Pursuant to the ARL, online retailers that offer automatically renewing subscriptions to California consumers must: (i) provide the complete automatic renewal offer terms in a clear and

conspicuous manner and in visual proximity to the request for consent prior to completion of the enrollment process, see Cal. Bus. Prof. Code § 17602(a)(1); (ii) obtain consumers' affirmative consent prior to charging their Payment Methods in connection with the subscriptions, see id. § 17602(a)(2); and (iii) provide an acknowledgment that includes the automatic renewal offer terms and identifies a cost-effective, timely, and easy-to-use mechanism for consumers to cancel their subscriptions, see id. §§ 17602(a)(3), 17602(c).

6.      As discussed in greater detail below, the electronic "checkout flows" on Defendant's Website and social-media advertisements, which Plaintiff and numerous other California consumers used to purchase Defendant's products, uniformly violated each of these core requirements of the ARL. And when consumers eventually do realize that Defendant has enrolled them in RYZE Subscriptions without their authorization – such as when consumers notice Defendant's recurring charges on their credit card billing statements – Defendant then makes it exceedingly difficult and unnecessarily confusing for consumers to cancel the RYZE Subscriptions.

7.      Specifically, Defendant systematically violates the ARL by: (i) failing to present the automatic renewal offer terms in a clear and conspicuous manner and in visual proximity to the request for consent to the offer before the subscription or purchasing agreement is fulfilled, in violation of Section 17602(a)(1); (ii) charging consumers' Payment Methods without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms, in violation of Section 17602(a)(2); and (iii) failing to provide an acknowledgment that includes the automatic renewal offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer, in direct violation of Section 17602(a)(3). See Cal. Bus. & Prof. Code §§ 17602(a)(1)-(3); see also id. § 17601(b)(1)-(5) (setting forth the definition of "automatic renewal offer terms" as used in Cal. Bus. Prof. Code § 17602(a)). The standardized post-order acknowledgment email Defendant sends to its customers also fails to disclose a toll-free telephone number or describe another cost-effective, timely, and easy-to-use mechanism for cancellation – making it exceedingly difficult and unnecessarily confusing for consumers to cancel RYZE Subscriptions – in clear violation of Section 17602(c) of the ARL.

8.      As a result of Defendant's violations of Section 17602 of the ARL, the RYZE Subscriptions are deemed "unconditional gifts" pursuant to Section 17603 of the ARL, entitling Plaintiff and the Class to restitution. See Cal. Bus. & Prof. Code § 17603.

9.      For the foregoing reasons, Plaintiff brings this action individually and on behalf of all consumers who, within the applicable statute of limitations period up to and including the date of judgment in this action, were induced by Defendant's false sales, or incurred unauthorized fees for the renewal of their RYZE Subscriptions. Based on Defendant's unlawful conduct, Plaintiff seeks damages, restitution, declaratory relief, injunctive relief, and reasonable attorneys' fees and costs, for: (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; (5) intentional misrepresentation; (6) unjust enrichment/restitution; (7) breach of contract; and (8) breach of express warranty.

## THE PARTIES

10.      Plaintiff Steven Beltran is, and at all times relevant hereto was, a citizen and resident of Los Angeles, California. On or about January 4, 2026, Plaintiff purchased "Mushroom Coffee (30 Servings)" from Defendant's Website at a purported discount price of $27.00, next to a strikethrough price of $45.00. At the time he made his purchase, Plaintiff saw and relied on Defendant's $45.00 strikethrough price, which Defendant advertised as a "NEW YEAR SALE" limited-time offer with a countdown timer. The representations that Plaintiff relied on are virtually identical in design and layout to the pictures depicted below from Defendant's Website. *See infra*, ¶¶ 49-50. Despite Defendant's representations that he was purchasing the product at a discount from a $45.00 regular price, Defendant had not sold the Products at that price in the 3 prior months before his purchase, nor did it sell the Products at that price afterward.

11.      In addition, when Plaintiff made his purchase, Defendant enrolled Plaintiff in – unbeknownst to him at the time – a monthly recurring subscription ("RYZE Subscription"). Consequently, following his purchase, Defendant assessed Plaintiff's Payment Method a recurring

charge of $36.00 on February 1, 2026. Promptly after learning of the recurring charges, Plaintiff canceled his RYZE Subscription.

12. Had Plaintiff been aware that the limited-time sale was not genuine, or that Defendant would enroll him in an automatically renewing RYZE Subscription, he would not have made a purchase from Defendant at all or on the same terms. Plaintiff also paid a premium for the Products due to Defendant's false representations, time-pressure tactics, and misleading sales practices. Plaintiff also faces an imminent threat of future harm. Plaintiff would purchase the Products from Defendant again in the future if he could feel sure that Defendant's regular prices accurately reflected Defendant's former prices and the market value of the Products, and that its discounts were truthful. But without an injunction, Plaintiff has no realistic way to know which of Defendant's regular prices, discounts, and sales—if any—are truthful. For example, while he could watch Defendant's Website for a sale on the day that it is supposed to end to see if the sale is permanent, doing so could result in him missing out on the sale (*e.g.*, if the sale is actually limited in time, and not permanent). Accordingly, Plaintiff is unable to rely on Defendant's advertising in the future and cannot purchase the Products he otherwise would.

13. The facts giving rise to Plaintiff's claims are materially the same as those of other members of the Classes he seeks to represent.

14. Defendant Ryze, Inc. is a Delaware corporation that maintains its corporate headquarters and principal place of business in Boston, Massachusetts. Defendant is an online-based retailer of mushroom-based health and wellness products, including mushroom coffee, which it sells on its Website to consumers nationwide, including throughout California.

15. Plaintiff reserves the right to amend this Complaint to add different or additional defendants, including without limitation any officer, director, employee, supplier, or distributor of Defendant who has knowingly and willfully aided, abetted, and/or conspired in the false and deceptive conduct alleged herein.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this is a putative class action

CLASS ACTION COMPLAINT

where the aggregate amount sought by members of the proposed class exceeds $5,000,000.00, exclusive of interests and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different from Defendant.

17.    Personal jurisdiction and venue are proper because Plaintiff resides in Los Angeles, California, within this judicial District; because Plaintiff made his purchase of Defendant's products while he was physically present in Los Angeles, California; because Defendant shipped such goods to Plaintiff's residence in Los Angeles, California; and because Plaintiff was located in Los Angeles, California when Defendant enrolled him in, and thereafter charged his Payment Method on a monthly basis pursuant to the RYZE Subscription. Additionally, Defendant has, at all times relevant hereto, systematically and continually conducted, and continues to conduct, business in California, including within this judicial District, including through the promotion, marketing, and sale of its products.

## FACTUAL BACKGROUND

### A.    Background On the Subscription-Based e-Commerce Industry

18.    The e-commerce subscription model is a business model in which retailers provide ongoing goods or services "in exchange for regular payments from the customer." Subscription e-commerce services now target a wide range of customers and cater to a variety of specific interests. Given the prevalence of online and e-commerce retailers, subscription e-commerce has grown rapidly in popularity in recent years. Indeed, the "subscription economy has grown more than 400% over the last 8.5 years as consumers have demonstrated a growing preference for access to subscription services[.]" Analysts at UBS predict that the subscription economy will expand into a $1.5 trillion market by 2025, up from $650 billion in 2020.

19.    However, retailers have recognized that, where the recurring nature of the service, billing practices, or cancellation process is unclear or complicated, "consumers may lose interest but be too harried to take the extra step of canceling their membership[s]." As these companies have realized, "[t]he real money is in the inertia." As a result, a number of subscription e-commerce companies, including Defendant, "are now taking advantage of subscriptions in order to trick users into signing up for expensive and recurring plans. They do this by intentionally confusing users with

the design and flow of their website and apps," such as failure to fully disclose the terms of their automatic renewal programs.

20.    Defendant has used various types of dark patterns, including but not limited to "Roach Motel," "Misdirection," and "Forced Continuity," in order to prevent users from canceling their Subscriptions by way of adopting complex cancellation procedures to increase the friction in the subscription cancellation process. As discussed below, Defendant has employed a host of dark patterns in its Website and social-media advertisements to lure and deceive consumers into becoming and remaining enrolled in RYZE Subscriptions. That is the precise conduct that California's legislature sought to prevent in enacting California's Automatic Renewal Law.

**B.    California's Automatic Renewal Law**

21.    In 2010, the California Legislature enacted the Automatic Renewal Law ("ARL"), Cal. Bus. & Prof. Code §§ 17600, *et seq.*, with the intent to "end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service." Cal. Bus. & Prof. Code § 17600 (statement of legislative intent).

22.    The ARL makes it "unlawful for any business making an automatic renewal or continuous service offer to a consumer in this state to do any of the following:"

(1) Fail to present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity[] … to the request for consent to the offer. If the offer also includes a free gift or trial, the offer shall include a clear and conspicuous explanation of the price that will be charged after the trial ends or the manner in which the subscription or purchasing agreement pricing will change upon conclusion of the trial.

(2) Charge the consumer's credit or debit card, or the consumer's account with a third party, for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to

the agreement containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time.

(3) Fail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer.

Cal. Bus. & Prof. Code § 17602(a)(1)-(3).

23. The ARL also requires that, prior to the completion of the initial order for the automatic renewal or continuous service, sellers must explain the price to be charged when the promotion or free trial ends. See Cal. Bus. & Prof. Code § 17602(a)(1). If the initial offer is at a promotional price that is only for a limited time and will increase later, the seller must obtain consumer consent to the non-discounted price prior to billing.

24. Section 17602(c) of the ARL further provides that a business making an automatic renewal offer "shall provide a toll-free telephone number, electronic mail address, a postal address if the seller directly bills the consumer, or it shall provide another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)." Cal. Bus. & Prof. Code § 17602(c).

25. Additionally, the ARL requires e-commerce sellers doing business in California to allow online cancellation of auto-renewing memberships or recurring purchases that were initiated online. Specifically, Section 17602(d) provides that "a business that allows a consumer to accept an automatic renewal or continuous service offer online shall allow a consumer to terminate the automatic renewal or continuous service exclusively online, at will, and without engaging any further steps that obstruct or delay the consumer's ability to terminate the automatic renewal or continuous service immediately." Cal. Bus. & Prof. Code § 17602(d)(1).

26. Section 17601(a) of the ARL defines "Automatic renewal" as a "plan or arrangement in which a paid subscription or purchasing agreement is automatically renewed at the end of a definite

term for a subsequent term." Cal. Bus. & Prof. Code § 17601(a). The ARL defines "clear and conspicuous" as meaning "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbol or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code § 17601.

27.     Finally, Section 17603 of the ARL provides that where a "business sends any goods, wares, merchandise, or products to a consumer, under a continuous service agreement or automatic renewal of a purchase, without first obtaining the consumer's affirmative consent[,]" the material sent will be deemed "an unconditional gift to the consumer, who may use or dispose of the same in any manner he or she sees fit without any obligation whatsoever on the consumer's part to the business[.]" Cal. Bus. & Prof. Code § 17603.

28.     As alleged below, Defendant's practices on the Website and its social-media advertisements systematically violate Sections 17602(a)(l), 17602(a)(2), 17602(a)(3), 17602(c), and 17602(d) of the ARL.

## C.     Defendant's Business: The Subscription Enrollment Process

29.     At all relevant times, Defendant offered, via the Website, mushroom-based health and wellness products, including mushroom coffee, to consumers.

30.     When a consumer purchases a product from Defendant on its Website, Defendant surreptitiously enrolls the consumer in a RYZE Subscription that, unbeknownst to the consumer at the time, results in the consumer's Payment Method being assessed a recurring charge each and every month, in perpetuity (or until canceled by the consumer).

31.     Defendant's RYZE Subscriptions constitute automatic renewal and/or continuous service plans or arrangements for the purposes of Cal. Bus. & Prof. Code § 17601.

32.     Regardless of whether a consumer purchases a product from Defendant on its website or through one of its social-media advertisements, the process of making the purchase – and becoming unknowingly enrolled in a RYZE Subscription – is substantially the same. Upon navigating the final screen of the checkout process (the "Checkout Page"), consumers encounter a page which fails to comply with the ARL in numerous respects.

33.     Prior to enrolling Plaintiff and other Californians in RYZE Subscriptions, the ARL required Defendant to "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity[] … to the request for consent to the offer." Cal. Bus. & Prof. Code § 17602(a)(1). Under the ARL, a "clear and conspicuous" disclosure "means in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." Cal. Bus. & Prof. Code §17601(3). Defendant's Checkout Page, depicted below, fails each of those requirements.[1]



34.     As shown above, Defendant failed to present to Plaintiff or any member of the Class the terms of the RYZE Subscriptions in "larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." *See*

---

[1] The pictures (captured on May 14, 2026) are virtually identical to the webpages Plaintiff viewed at the time of his purchase.

*id.* Instead, the Checkout Page prominently displays enticing offers such as "Upgrade today for FREE GIFTS and $50 in Savings!" and shows the product with a heavily discounted introductory price of $27.00 (marked down from a strikethrough $45.00). However, the subscription terms are buried within a collapsible "Order summary" dropdown that consumers have no reason to expand before completing their purchase when using the large express checkout buttons for Shop Pay, PayPal, Apple Pay, and Google Pay. Even when expanded, the Checkout Page also prominently displays multiple "FREE" items – including "FREE Insured Shipping," a "FREE Mushroom Magnet," and a "FREE Spoon & Scoop"." The only indication that the purchase is a recurring subscription appears in minuscule text stating "Delivery Every 30 Days" beneath the product name, with the recurring price of $36.00 every 30 days disclosed only at the very bottom of the expanded order summary in small print labeled "Recurring subtotal."

CLASS ACTION COMPLAINT

35. Thus, Defendant failed to "first obtain[] [any] consumer's affirmative consent to [any] agreement" with respect to the RYZE Subscription, let alone any such agreement "containing the automatic renewal offer terms or continuous service offer terms, including the terms of an automatic renewal offer or continuous service offer that is made at a promotional or discounted price for a limited period of time." Cal. Bus. & Prof. Code § 17602(a)(2). The initial price of $27.00 is a promotional "FIRST TIME OFFER" price, while the recurring subscription price is $36.00 every 30 days – a material price increase that Defendant fails to clearly and conspicuously disclose.

36. Furthermore, at no point during the checkout process does Defendant require consumers to read or affirmatively agree to any terms of service associated with their RYZE Subscriptions. The Checkout Page presents prominent "Express checkout" buttons for Shop Pay, PayPal, Apple Pay, and Google Pay – none of which are tethered to or require acknowledgment of the subscription terms. A consumer can complete the entire transaction by tapping a single express payment button without ever seeing, let alone consenting to, the automatic renewal terms. Because the subscription terms are hidden within the collapsed "Order summary" dropdown, Plaintiff and the Class members could not have seen or agreed to the hidden terms. Accordingly, when Defendant automatically renews customers' RYZE Subscriptions, Defendant charges consumers' Payment Methods without first obtaining their affirmative consent to the agreement containing the automatic renewal offer terms, in violation of Cal. Bus. & Prof. Code § 17602(a)(2).

37. After enrolling a consumer in a RYZE Subscription, the ARL required Defendant to "provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code § 17602(a)(3).

38. The post-order Acknowledgment Emails that Defendant systematically sent to its customers (including to Plaintiff and all proposed Class members) uniformly failed to include "the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer," as required by Cal. Bus. & Prof. Code § 17602(a)(3). Further, the Acknowledgment Emails fail to provide a toll-free telephone number or describe another cost-effective, timely, and easy-to-use mechanism for

cancellation of the RYZE Subscriptions. Accordingly, each of the Acknowledgment Emails that Defendant sent to Plaintiff and Class members violated sections 17602(a)(3), 17602(b), and 17602(c) of the ARL.

39. In sum, during the relevant time period, Defendant's deficient pre- and post-purchase disclosures to Plaintiff and Class members concerning the RYZE Subscriptions were entirely non-compliant with the ARL.

40. Because Defendant charged Plaintiff's and its other customers' Payment Methods in violation of the ARL, all goods, wares, merchandise, and/or products sent to Plaintiff and Class members upon the automatic renewal of their continuous service agreements are deemed to be "unconditional gifts" pursuant to Cal. Bus. & Prof. Code § 17603.

41. As a direct result of Defendant's unlawful conduct described above, Plaintiff and putative Class members have incurred substantial financial injury in the form of all monies withdrawn from their Payment Methods in connection with the RYZE Subscriptions in which they were surreptitiously enrolled by Defendant.

**D.    California's and FTC's Ban on Fake Discounts**

42. Advertised "sale" prices are important to consumers. Consumers are more likely to purchase an item if they believe that they are getting a good deal. Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else. California law provides clear guidelines as to permissible and unlawful sales tactics:

43. While there is nothing wrong with a legitimate sale, a fake one—that is, one with misleading regular prices and deceptive discounts—is illegal.

44. Section 17500 of California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading. Cal. Bus. & Prof. Code § 17500. This includes statements falsely suggesting that a product is on sale when it actually is not.

45. Moreover, section 17501 of California's False Advertising Law provides that "[n]o price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501. So, in addition to generally prohibiting untrue and misleading fake discounts,

California's False Advertising Law also specifically prohibits this particular flavor of fake discount (where the advertised former price is not the prevailing price during the specified timeframe).

46.    In addition, California's Consumers Legal Remedies Act prohibits "advertising goods or services with intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(9), (13).

47.    The Federal Trade Commission's regulations also prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1. They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons." 16 C.F.R. § 233.1.

48.    As numerous courts have found, fake sales violate these laws. They also violate California's general prohibition on unlawful, unfair, and deceptive business practices. See Cal. Bus. & Prof. Code § 17200.

**E.    Defendant's fake sales are unlawful and misleading.**

49.    Defendant has long employed a deceptive "fake sale" pricing scheme to lure customers into purchasing its products. The scheme centers on advertising the Products as being on sale at a steep discount based on time-limited seasonal sales – *e.g.*, a "NEW YEAR SALE" with "UP TO 40% OFF + FREE GIFTS" – all the time, thereby creating a false impression of a limited-time bargain. The screenshot below illustrates what Plaintiff saw at the time of his purchase:[2]

---

[2] https://web.archive.org/web/20260109013654/https://www.ryzesuperfoods.com/ (last accessed June 4, 2026).



50.     As depicted above, Defendant prominently displays its false discount. Similarly, on the expanded Checkout Page, the same strikethrough price of $45.00 appears next to the product and a "TOTAL SAVINGS $18.00" badge.



51.     Reasonable consumers understand the discount language, countdown timer, and strikethrough prices to mean that $45.00 is Defendant's regular, non-sale price for the Mushroom Coffee, and that they are being given a time-limited opportunity to buy it at a discounted price of $27.00.

52.     In reality, however, upon information and belief, Defendant never charges more than $27 dollars for the Products. The higher strikethrough prices are an inflated reference point that Defendant uses to make its perpetual sale look legitimate. Thus, the strikethrough prices are false former price that overstates the RYZE Subscription's true value and misleads consumers about the purported savings.

53.     In addition to its false and misleading strikethrough price, the "discounted" sale is effectively never-ending. Each of these promotions implies that the discount is tied to a specific time frame or event and that after the event, the price may go back up. However, as soon as one sale period ends, another begins. Investigations using the Internet Archive's Wayback Machine confirm that Defendant's limited-time sale messaging has been present virtually continuously over the past two years, simply rebranded for different seasons or promotions. That investigation confirms Defendant's perpetual sales.

| Capture date | Sale name on product page | Sale price | Strikethrough | % off badge |
|---|---|---|---|---|
| Jan 09, 2024 | New Year Savings (code NEWYEARNEWME) | $27 | $36 | 25% OFF TODAY |
| Feb 25, 2024 | (same New Year creative served) | $27 | $36 | 25% OFF TODAY |
| Apr 03, 2024 | Easter Sale (code EASTEREGG) | $27 | $36 | 25% OFF TODAY |
| May 15, 2024 | Spring Sale (code SPRING) | $27 | $36 | 25% OFF TODAY |
| Jun 24, 2024 | Summer Sale (code SOLSTICE) | $27 | $36 | 25% OFF TODAY |
| Jul 17, 2024 | Summer Sale | $27 | $36 | 25% OFF TODAY |

| Capture date | Sale name on product page | Sale price | Strikethrough | % off badge |
|---|---|---|---|---|
| Aug 05, 2024 | Summer Sale (code SUMMER10) | $27 | $36 | 25% OFF TODAY |
| Oct 13, 2024 | Fall Sale (code HAPPYFALL) | $27 | $36 | 25% OFF TODAY |
| Dec 15, 2024 | Holiday Offer | $27 | $36 | 25% OFF TODAY |
| Jan 14, 2025 | New Year Offer | $27 | $36 | 25% OFF TODAY |
| Apr 01, 2025 | Spring Sale | $27 | $36 | 25% OFF TODAY |
| May 03, 2025 | Mother's Day Sale | $27 | $36 | 25% OFF TODAY |
| Jun 09, 2025 | Father's Day Sale | $27 | $36 | 25% OFF TODAY |
| Jul 08, 2025 | RYZE Deal Days | $27 | $36 | 25% OFF TODAY |
| Sep 12, 2025 | Limited Time Only | $27 | $36 | 25% OFF TODAY |
| Oct 15, 2025 | Halloween Sale | $27 | $36 | 25% OFF TODAY |
| Feb 15, 2026 | Presidents' Day Sale | $27 | $45 | 40% OFF TODAY |
| Apr 29, 2026 | Mother's Day Sale | $27 | $45 | 40% OFF TODAY |
| May 10, 2026 | Mother's Day Sale | $27 | $45 | 40% OFF TODAY |
| Jun 04, 2026 | Memorial Day Sale | $27 | $45 | 40% OFF TODAY |

CLASS ACTION COMPLAINT

54.     Defendant's fake discount pricing scheme violates California's laws and FTC regulations. Reasonable consumers do not realize the fake nature of the sale. It is not apparent from merely purchasing the Products, because the sale appears to be a bona fide sale. Consumers do not have any reason to go back to the Website day after day to discover that there is still a sale. And, even a consumer who occasionally checks the Website would reasonably believe that there happened to be another sale—especially when Defendant changes the names of its sales despite offering the same or a similar discount. Discovering Defendant's deception required extensive mining of internet archives.

55.     Defendant's misrepresentations regarding the price and discount of the Products were material to consumers' decisions. A reasonable consumer attaches importance to whether a "discounted" deal is genuine – such a deep discount implies huge savings and often triggers an urgent desire to buy now rather than later (to avoid missing out). Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.

56.     Had consumers known that the purported discount was always available, and that the higher strikethrough price was false, they would not have been influenced by the urgency or perceived value of the offer. As a result, Plaintiff and the Class members made a purchase they might have postponed or foregone and otherwise paid a premium for the Products due to Defendant's deceptive conduct.

**F.     Consumer Harm**

57.     As a result of Defendant's misleading false discount scheme and ARL violations, consumers who purchased the Products did not receive a product at the bargain they were promised and were deprived of the benefit of their bargain.

58.     Defendant charged a premium price for the Products based in substantial part on its representations regarding the supposed discount from a higher regular price. Consumers would not have purchased the Products, or would have paid substantially less for them, had they known that (a) the purported discounts were illusory and the sale prices were perpetually available; and (b) the strikethrough prices were never the prevailing market price.

**No Adequate Remedy at Law**

59.    For his equitable relief claims, Plaintiff lacks an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiff and the Classes are inadequate because they are not equally prompt, certain, and in other ways efficient as equitable relief. Damages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages. Hence, the Court may award restitution even if it determines that Plaintiff fails to sufficiently adduce evidence to support an award of damages. In short, significant differences in proof and certainty establish that any potential legal claim cannot serve as an adequate remedy at law.

60.    Equitable relief is also appropriate because Plaintiff may lack an adequate remedy at law if, for instance, damages resulting from his purchase of the RYZE Subscription is determined to be an amount less than the total expenditure in connection with that subscription. Without compensation for the full price of the RYZE Subscription, Plaintiff would be left without the parity in purchasing power to which he is entitled. Further, Plaintiff is entitled to equitable relief because the RYZE Subscriptions were, by operation of law, "unconditional gifts" to Plaintiff and putative Class members (see Cal. Bus. & Prof. Code § 17603). Equitable relief is also appropriate because statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL, CLRA, as well as negligent and intentional misrepresentations. Thus, Class members who purchased the RYZE Subscriptions more than three years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. The scope of actionable misconduct under the FAL and UCL is broader than the other causes of action asserted herein. The FAL and UCL broadly prohibit Defendant's fraudulent discount marketing scheme to gain an unfair advantage over competitors and to exploit consumers' desire to obtain time-limited bargains. Plaintiff's breach of contract, warranty, and common law claims, on the other hand, are more limited—focusing on the specific duties and obligations arising from Defendant's misrepresentations and omissions at the point of sale. Furthermore, the UCL creates a cause of action for violations of laws that do not themselves provide for a private cause of action (such as the ARL and FTC's ban

on false discounts). Finally, Plaintiff faces an imminent threat of future harm that only an injunction under the FAL and UCL can remedy. Plaintiff would purchase the RYZE Subscriptions from Defendant again in the future if he could feel sure that Defendant's regular prices accurately reflected the former prices and the market value of the products, and that Defendant's discounts were truthful. But without an injunction, Plaintiff has no realistic way to know which of Defendant's regular prices, discounts, and sales—if any—are truthful. Thus, he is unable to rely on Defendant's advertising in the future, and so cannot purchase the products he would like to purchase.

## CLASS ACTION ALLEGATIONS

61.    Class Definition. Plaintiff brings this action on behalf of a class of similarly situated individuals, defined as follows (collectively, the "Classes"):

**(a) ARL Class:** All persons in the State of California who, within the applicable limitation period, up to and including the date of final judgment in this action, were charged a renewal fee for a RYZE Subscription by Defendant.

**(b) False Sales Class:** All persons in the State of California who, within the applicable limitation period, up to and including the date of final judgment in this action, purchased the RYZE Subscriptions at a purported discount.

62.    Specifically excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the judge to whom this action is assigned, members of the judge's staff, and the judge's immediate family.

63.    Plaintiff reserves the right to amend the definition of the Classes if discovery or further investigation reveals that the Classes should be expanded or otherwise modified.

64.    **Numerosity.** The Classes are so numerous that their individual joinder herein is impracticable. On information and belief, the Classes comprise at least thousands of consumers. The precise number of the members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery.

65. **Commonality and Predominance.** Common questions of law and fact exist as to all the members of the Classes and predominate over questions affecting only individual members. Common legal and factual questions include, but are not limited to: (a) whether Defendant's RYZE Subscriptions constitute "Automatic renewal[s]" within the meaning of Cal. Bus. & Prof. Code § 17601(a); (b) whether Defendant failed to present the automatic renewal offer terms in a clear and conspicuous manner, in violation of Cal. Bus. & Prof. Code § 17602(a)(l); (c) whether Defendant charged Plaintiff's and the ARL Class members' Payment Method without first obtaining their affirmative consent, in violation of Cal. Bus. & Prof. Code § 17602(a)(2); (d) whether Defendant failed to provide an acknowledgment that included the automatic renewal terms, in violation of Cal. Bus. & Prof. Code § 17602(a)(3); (e) whether the goods provided by Defendant are deemed an "unconditional gift" in accordance with Cal. Bus. & Prof. Code § 17603; (f) whether Defendant's RYZE Subscriptions were sold at the reference price within 90 days of Plaintiff's and the False Sales Class members' purchases; (g) whether Defendant's conduct violated the FAL, CLRA, and/or UCL; (h) whether Defendant's conduct constitutes unjust enrichment; (i) whether Plaintiff and the Classes are entitled to damages and/or restitution; (j) whether Defendant should be enjoined from further engaging in the misconduct alleged herein; and (k) whether Plaintiff and the Classes are entitled to attorneys' fees and costs.

66. **Typicality.** The claims of Plaintiff are typical of the claims of the Classes in that Plaintiff and the Classes sustained damages as a result of Defendant's uniform wrongful conduct. Similarly, the claims of Plaintiff are typical of the claims of the members of the False Sales Class because, like other members of the False Sales Class, he purchased the Products relying on the representations and omissions made by Defendant that the Products were being sold at a discount from its false reference pricing.

67. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has no interests antagonistic to the Classes' interests, and Plaintiff has retained counsel that has considerable experience and success in prosecuting complex class actions and consumer-protection cases.

68.    **Superiority.** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy for, inter alia, the following reasons: prosecutions of individual actions are economically impractical for members of the Classes; the Classes are readily definable; prosecution as a class action avoids repetitive litigation and duplicative litigation costs, conserves judicial resources, and ensures uniformity of decisions.

69.    Defendant has acted or failed to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole.

70.    Based on the foregoing allegations, Plaintiff's claims for relief include those set forth below.

**COUNT I**
**Violations of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On behalf of Plaintiff and the ARL Class)**

71.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

72.    Plaintiff brings this claim individually and on behalf of the members of the ARL Class against Defendant.

73.    California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, …in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

74.    As alleged more fully above, Defendant violated, and continues to violate, section 17500 of the FAL through its misrepresentations and omissions made to consumers before and after enrollment into its RYZE Subscriptions regarding the terms of payment for and cancellation of a consumer's automatic payments. These misrepresentations and omissions on the Checkout Page and the Acknowledgment Email constitute false and deceptive advertisements.

75.      Plaintiff and the members of the ARL Class suffered economic injury as a direct result of Defendant's conduct because they were induced to purchase RYZE Subscriptions and/or pay renewal fees they would not have otherwise paid.

76.      Plaintiff and the members of the ARL Class seek restitution, attorneys' fees, and all other relief that the Court deems proper.

**COUNT II**
**Violations of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500, *et seq.***
**(On behalf of Plaintiff and the False Sales Class)**

77.      Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

78.      Plaintiff brings this claim individually and on behalf of the members of the False Sales Class against Defendant.

79.      The FAL further provides that "no price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price … within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly, and conspicuously stated in the advertisement." See Cal. Bus. & Prof. Code § 17501.

80.      Defendant has violated Sections 17500 and 17501 of the California Business and Professions Code. As alleged more fully above, Defendant advertises purported former prices along with discounts for the Products. Defendant does this by representing that the purported sale represents a significant discount off the Products' regular price (*i.e.*, $45.00). Defendant also advertises false seasonal themes and fake countdown timers to create a sense of urgency. Reasonable consumers understand time-limited discounts and reference pricing as indicating the "former" and "regular" prices.

81.      The reference prices advertised by Defendant are not the regular prices for the Products, because, upon information and belief, Defendant never charged $45.00 for them – that price is a fiction. Moreover, for the same reasons, the reference price was not the true former price

of the Products, given the existence of perpetual sales on Defendant's Website. Accordingly, Defendant's statements about the former prices of its Products were untrue and misleading. In addition, Defendant's statements that its discounts were available for a limited time were also false and misleading and were designed to give consumers a sense of urgency when, in fact, the purported sales price is perpetually available.

82.    Furthermore, Defendant has violated, and continues to violate, section 17501 of the FAL by advertising former prices for the Products that were not the prevailing market price within three months immediately preceding the advertising.

83.    Plaintiff and the members of the False Sales Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because they were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received subscriptions with market values lower than the promised market values.

84.    Plaintiff and the members of the False Sales Class seek restitution, attorneys' fees, and all other relief that the Court deems proper.

## COUNT III
### Violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.
### (On behalf of Plaintiff and the ARL Class)

85.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

86.    Plaintiff brings this claim individually and on behalf of the members of the ARL Class against Defendant.

87.    Plaintiff and the members of the ARL Class are "consumers" within the meaning of Cal. Civil Code § 1761(d). Defendant's subscription offers are "goods" and/or "services" within the meaning of Cal. Civil Code § 1761(a) and (b).

88. These actions violated, and continue to violate, the CLRA in at least the following respects: (a) Defendant's representations and omissions about the nature of the RYZE Subscriptions billing, cancellation, automatic payment terms, policies, and requirements conveyed that they have characteristics, uses, and/or benefits, which they do not, in violation of Cal. Civil Code §1770(a)(5); and (b) Defendant's acts and practices constitute the advertisement of the goods in question without the intent to sell them as advertised, in violation of Cal. Civil Code § 1770(a)(9).

89. Plaintiff and the members of the ARL Class suffered economic injury as a direct result of Defendant's conduct.

90. In compliance with the provisions of California Civil Code § 1782, Plaintiff sent written notice to Defendant on May 18, 2026, informing Defendant of his intention to seek damages under California Civil Code § 1750. Accordingly, if Defendant fails to take corrective action within 30 days of receipt of the demand letter, Plaintiff will amend their complaint to include a request for damages as permitted by Civil Code § 1782(d).

## COUNT IV
### Violations of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.
### (On behalf of Plaintiff and the False Sales Class)

91. Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

92. Plaintiff brings this claim individually and on behalf of the members of the False Sales Class against Defendant.

93. Plaintiff and the members of the False Sales Class are "consumers" within the meaning of Cal. Civil Code § 1761(d).

94. The acts and practices of Defendant as described above were intended to deceive Plaintiff and the False Sales Class, in violation of at least the following provisions of the CLRA: (a) Cal. Civil Code § 1770(a)(5), by representing that the Products have characteristics or benefits they do not have, namely a regular price of $45.00 and a genuine limited-time discount; (b) Cal. Civil Code § 1770(a)(9), by advertising goods with intent not to sell them as advertised; and (c) Cal. Civil

Code § 1770(a)(13), by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.

95.    Plaintiff and the members of the False Sales Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products, and/or (c) they did not receive the discounts they were promised.

## COUNT V
### Violations of California's Unfair Competition Law ("UCL"),
### Cal. Bus. & Prof. Code §§ 17200, et seq.
### (On behalf of Plaintiff and the Classes)

96.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

97.    Plaintiff brings this claim individually and on behalf of the members of the Classes against Defendant.

98.    The UCL prohibits unfair competition in the form of "any unlawful, unfair, or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act[.]" Cal. Bus. & Prof. Code § 17200.

99.    As alleged in detail above, Defendant's deceptive enrollment process, false sales of the RYZE Subscriptions, and fake discount pricing scheme violate the UCL's proscription against engaging in Unlawful Business Practices through its violations of the FAL, CLRA, the ARL, and ROSCA.

100.    Defendant has also violated the UCL's proscription against engaging in Unfair Business Practices. Defendant's acts, omissions, misrepresentations, practices and non-disclosures as alleged herein constitute "unfair" business acts and practices within the meaning of Business & Professions Code § 17200.

101.    Defendant has also violated the UCL's proscription against engaging in Deceptive Business Practices by enrolling consumers in automatically recurring subscriptions in violation of the ARL and by advertising false former prices and fake limited-time discounts.

102.    Plaintiff and the members of the Classes suffered economic injury as a direct result of Defendant's conduct. Pursuant to California Business and Professions Code § 17203, Plaintiff and the Class members seek restitution, attorneys' fees, and all other relief that the Court deems proper.

## COUNT VI
### Negligent Misrepresentation
### (On behalf of Plaintiff and the ARL Class)

103.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

104.    As discussed above, Defendant made false representations and material omissions of fact to Plaintiff and the ARL Class concerning the RYZE Subscriptions' billing, cancellation, automatic payment terms, policies, and requirements.

105.    These representations were false. Defendant knew or should have known that they were false or misleading.

106.    Plaintiff and the members of the ARL Class suffered economic injury as a direct and proximate result of Defendant's conduct.

107.    For the negligent misrepresentation claims, Plaintiff seeks all damages available, including expectation damages, punitive damages, and/or damages measured by the price premium charged to Plaintiff and the ARL Class.

## COUNT VII
### Negligent Misrepresentation
### (On behalf of Plaintiff and the False Sales Class)

108.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

109.    As discussed above, Defendant made false representations and material omissions of fact to Plaintiff and the False Sales Class concerning the Products' discounts and reference prices.

110.    These representations were false. Defendant knew or should have known that they were false or misleading.

111.    Plaintiff and the members of the False Sales Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products, and/or (c) they did not receive the discounts they were promised.

## COUNT VIII
### Intentional Misrepresentation
### (On behalf of Plaintiff and the ARL Class)

112.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

113.    As discussed above, Defendant made false representations and material omissions of fact to Plaintiff and the ARL Class concerning the RYZE Subscriptions' billing, cancellation, and automatic payment terms.

114.    When Defendant made these misrepresentations, it knew that they were false and misleading and/or acted recklessly in making them.

115.    Plaintiff and the members of the ARL Class suffered economic injury as a direct and proximate result of Defendant's conduct.

## COUNT IX
### Intentional Misrepresentation
### (On behalf of Plaintiff and the False Sales Class)

116.    Plaintiff re-alleges and incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

117.    As discussed above, Defendant made false representations and material omissions of fact to Plaintiff and the False Sales Class concerning the Products' discounts and reference prices.

118.    When Defendant made these misrepresentations, it knew that they were false and misleading and/or acted recklessly in making them.

119.    Plaintiff and the members of the False Sales Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if

they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products, and/or (c) they did not receive the discounts they were promised.

## COUNT X
### Unjust Enrichment / Restitution
### (On behalf of Plaintiff and the ARL Class)

120.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs.

121.     Plaintiff and the ARL Class conferred benefits on Defendant by purchasing the RYZE Subscriptions.

122.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and the ARL Class. Retention of those monies is unjust and inequitable because Defendant's misrepresentations induced purchases under false pretenses.

123.     Furthermore, since Plaintiff completed his purchase through an express payment button that was untethered from any of Defendant's subscription disclosures, he never gave unambiguous consent to any of Defendant's auto-renewal terms. As such, his contract, and those of the other Class members, are void as a matter of law.

124.     Plaintiff seeks all available equitable relief, including injunctive relief, disgorgement, and restitution.

## COUNT XI
### Unjust Enrichment / Restitution
### (On behalf of Plaintiff and the False Sales Class)

125.     Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs.

126.     Plaintiff and the False Sales Class conferred benefits on Defendant by purchasing the Products at the purported discounted price.

127.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and the False Sales Class. Retention of those monies is unjust and inequitable because Defendant's false discount representations induced purchases under false pretenses.

128.    Plaintiff seeks all available equitable relief, including injunctive relief, disgorgement, and restitution.

## COUNT XII
### Breach of Contract
### (On behalf of Plaintiff and the False Sales Class)

129.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs.

130.    Plaintiff and the False Sales Class members entered into contracts with Defendant when they placed orders to purchase the Products.

131.    The contracts provided that Plaintiff and the False Sales Class members would pay Defendant for the Products ordered. The contracts further required that Defendant provide Plaintiff and the False Sales Class members with Products that have a market value equal to the regular prices displayed on the Website. They also required that Defendant provide Plaintiff and the False Sales Class members with the discount equal to the difference between the price paid and the regular prices advertised. These were specific and material terms of the contract.

132.    Defendant breached the contracts with Plaintiff and the False Sales Class members by failing to provide the Products that had a regular price, former price, and/or prevailing market value equal to the regular price displayed on its Website, and by failing to provide the promised discount.

133.    As a direct and proximate result of Defendant's breaches, Plaintiff and the False Sales Class members were deprived of the benefit of their bargained-for exchange.

## COUNT XIII
### Breach of Express Warranty
### (On behalf of Plaintiff and the False Sales Class)

134.    Plaintiff re-alleges and incorporates by reference every allegation set forth in the preceding paragraphs.

135.    Defendant, as the marketer, distributor, supplier, and seller of the Products, issued material, written warranties by advertising that the Products had a market value equal to the regular

price displayed on Defendant's Website. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

136.   This warranty was part of the basis of the bargain and Plaintiff and members of the False Sales Class relied on this warranty.

137.   In fact, the stated market value was not the market value. Thus, the warranty was breached.

138.   Plaintiff and the members of the False Sales Class were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Products if they had known the discounts and/or regular prices were not real, (b) they overpaid for the Products because they were sold at a price premium due to the misrepresentation, and/or (c) they did not receive the discounts they were promised, and received subscriptions with market values lower than the promised market values.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.   For an order certifying the Classes and naming Plaintiff as a representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

b.   For an order declaring Defendant's conduct violates the statutes referenced herein;

c.   For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

d.   For actual, expectation, reliance, compensatory, statutory, and/or punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For rescission, restitution and all other forms of equitable relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiff and the Classes their reasonable attorneys' fees, expenses, and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: June 5, 2026.

Respectfully submitted,

By: */s/ Adrian Gucovschi*
Adrian Gucovschi (SBN 360988)
**GUCOVSCHI LAW FIRM, PLLC**
165 Broadway, Fl. 23
New York, NY 10006
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

-and-

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Attorneys for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Adrian Gucovschi, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.

2.      I am a partner at Gucovschi Law Firm, PLLC, counsel of record for Plaintiff Steven Beltran in this action. Plaintiff alleges that he is a citizen of California who resides in Los Angeles, California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

3.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that Defendant Ryze, Inc. regularly does business in the Central District of California, and a substantial portion of the events alleged in the Complaint, including the same misrepresentations, omissions, and injuries as alleged herein, have occurred in this judicial District.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this declaration was executed at Miami, Florida, on June 5th, 2026.


*/s/ Adrian Gucovschi*
Adrian Gucovschi